# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER J. HOWARD, #B86767, <br><br>  Plaintiff, <br><br> vs. <br><br> WARDEN, <br><br>  Defendant. | Case No. 3:21-cv-00719-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher J. Howard, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 for alleged deprivations of his constitutional rights. (Doc. 1, p. 1). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 8-9): Plaintiff was taken into custody on Saturday, June 28, 2008 without a warrant by the Centreville Police Department. The following Monday, the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, wrongfully ordered that he be held on $1,000,000 bond for the crime of first-degree murder. He was wrongfully convicted and sentenced to 41 years. Plaintiff seeks $41,000,000 in monetary damages.

**Discussion**

Plaintiff brings his lawsuit under the Federal Tort Claims Act ("FTCA"), which provides for jurisdiction in this court for actions against the United States for torts committed by federal officials. *See* 28 U.S.C. §§ 1346, 2671-2680. Lawsuits against the United States for injuries an inmate sustains in custody as a result of the negligence or wrongful conduct of federal employees may be brought under the FTCA. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014).

Here, Plaintiff does not name the United States as a defendant or identify any misconduct by a federal employee. Additionally, he asserts a claim against the Warden of Menard, who is not a proper defendant in this type of action. As such, the Complaint fails to state a claim for relief.

Although the Court would normally give Plaintiff an opportunity to re-plead his claim(s) in an amended complaint, it would be futile to do so in this case. To the extent he seeks relief for violations of his federal constitutional rights under 42 U.S.C. § 1983, Plaintiff's claims are clearly time-barred. The applicable statute of limitations for § 1983 claims in which the alleged violation took place in Illinois is 2 years. *See Wallace v. Kato*, 594 U.S. 384, 387 (2007); 725 ILCS 5/13-202; *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009) ("A plaintiff must pursue a personal injury action within 2 years from the accrual of the claim.). Plaintiff's wrongful arrest and excessive bail claim arose almost 13 years before he filed this action. Although the statute of limitations is an affirmative defense, a plaintiff who "pleads facts that show his suit is time-barred or otherwise without merit . . . has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

Moreover, Plaintiff cannot state a colorable claim against the Warden, even if his Complaint were timely filed. That is because § 1983 claims require a showing of personal involvement in a constitutional deprivation, and the Warden was not responsible for Plaintiff's

arrest or bond. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). Therefore, the problems with the Complaint cannot be cured by permitting Plaintiff to amend. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

## Disposition

The Complaint fails to state a claim for relief and is therefore **DISMISSED with prejudice**. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). The Clerk of the Court is **DIRECTED** to enter judgment and close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."

**IT IS SO ORDERED.**

**DATED: July 6, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**